IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Rahul TIWARI**<br><br>    Plaintiff,<br><br>v.<br><br>**KRISTI NOEM, in her**<br>**official capacity as**<br>**Secretary of Homeland Security**<br><br>**DEPARTMENT OF**<br>**HOMELAND SECURTY; and**<br><br>**TODD LYONS, in his**<br>**official capacity as**<br>**Acting Director of**<br>**U.S. Immigration and Customs Enforcement**<br><br>    Defendants. | Civil Action No. 1:25-cv-11093-WGY<br><br>**STIPULATION RE: RE-ACTIVATION**<br>**OF SEVIS RECORDS AND**<br>**DISMISSAL; [PROPOSED] ORDER** |

Plaintiff and Defendants hereby stipulate to the following:

    1.    The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE"). The reactivation of Plaintiff's SEVIS record is retroactive to the date of its initial termination, such that there is no gap or lapse in Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

    2.    To the extent Plaintiff is participating in Optional Practical Training ("OPT"),

any authorization end date for OPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

3. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiff's SEVIS record based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

4. As stated in the new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visa of the Plaintiff in this action has been revoked with immediate effect.

5. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue

processing the benefit request according to all applicable laws, regulations, policies, and procedures.

6. Plaintiff's counsel will promptly provide counsel for Defendants with the receipt number and tracking number for any benefit request submitted to USCIS.

7. Plaintiff shall dismiss this action with prejudice. Each party shall bear its own fees and costs.

Date: July 11, 2025                                                          Respectfully submitted,

/s/ Zachary R. New                                                           LEAH B. FOLEY
Zachary R. New                                                               United States Attorney
Atty. Reg. No. (Colorado): 53992
Joseph & Hall, P.C.                                                  By:     /s/ Michael Sady
12203 East Second Ave.                                                       MICHAEL SADY
Aurora, CO 80011                                                             Assistant United States Attorney
*Pro Hac Vice                                                                United States Attorney's Office
                                                                             John Joseph Moakley U.S. Courthouse
Jennifer Cameron-Moore                                                       1 Courthouse Way - Suite 9200
Cameron Moore Law PLLC                                                       Boston, MA 02210
PO Box 3428                                                                  (617) 748-3100
Worcester, MA. 01613                                                         Michael.Sady@usdoj.gov

Attorneys for Plaintiff                                                      Attorney for Defendants

## [PROPOSED] ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.  The Clerk shall close this file.

Date:                                                                        _____
                                                                             HON. WILLIAM G. YOUNG
                                                                             United States District Judge